IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEANN KENNEDY,<br><br>     Plaintiff,<br><br>vs.<br><br>WATCO COMPANIES, L.L.C.<br>d/b/a EASTERN IDAHO<br>RAILROAD<br><br><u>Please Serve at:</u><br>CORPORATION SERVICE  COMPANY<br>12550 W EXPLORER DR, STE 100<br>BOISE ID  83713<br><br>and<br><br>EASTERN IDAHO RAILROAD, L.L.C.<br><br><u>Please Serve at:</u><br>CORPORATION SERVICE  COMPANY<br>12550 W EXPLORER DR, STE 100<br>BOISE, ID 83713 | No. _____ |

James M. Bendell
Post Falls Law
806 E. Polston Ave., Ste. B
Post Falls ID  83854

ARMBRUSTER, DRIPPS
WINTERSCHEDIT & BLOTEVOGEL, LLC
Charles W. Armbruster, III (IL 6211630; *pro hac vice application to be filed*)
Michael T. Blotevogel (6282543; *pro hac vice application to be filed*))
51 Executive Plaza Court
Maryville IL  62062
Ph:  618/208-0320
Facsimile: 800/927-1529
charles@adwblaw.com
mikeb@adwblaw.com
Asst.:   lindam@adwblaw.com
***Attorneys for Plaintiff***

# COMPLAINT

## Count I - Federal Employers' Liability Act

COMES NOW Plaintiff, LEANN KENNEDY, by and through her undersigned counsel, and for Count I of this cause of action against Defendant, WATCO COMPANIES, LLC, a corporation, states as follows:

1. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

2. Plaintiff is a resident of Gratiot County, Michigan.

3. Defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business by and through its subsidiary, as a common carrier by railroad in interstate commerce and does business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

4. On or about November 9, 2016, and at all times mentioned herein, Plaintiff was employed by Defendant in interstate commerce.

5. On or about November 9, 2016, Plaintiff was performing her duties in the course and scope of said employment near Rupert, Idaho when she injured her back, neck and head as a result of a rough coupling.

6. At the time of the occurrence, Defendant engaged in certain conduct and made certain choices, to-wit:

(a) Defendant failed to train its employees in the proper methods to be used when shoving railcars;

(b) Defendant failed to supervise its employees to make sure they were complying with any applicable rules and policies;

(c) Defendant failed to implement rules and policies necessary to prevent rough couplings;

(d) Defendant by and through its employee failed to provide Plaintiff with an accurate car count during a shove maneuver;

(e) Defendant failed to provide functioning equipment to allow proper communication between engineers and employees on working on the ground;

(f) Defendant failed to establish that its employees were competent to perform shove maneuvers;

(g) Defendant failed to provide adequate lighting in its Rupert, Idaho yard;

(h) Any other acts of negligence identified in discovery.

7. Defendant's conduct as set forth above was negligent.

8. Because of Defendant's conduct as more fully set forth above, Plaintiff experienced a rough coupling that violently knocked her around inside the locomotive cab.

9. As a result of Defendant's conduct as set forth above, Defendant failed to provide Plaintiff with a reasonably safe place to work.

10. Wholly or partly as a result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff's back, neck, and head were injured; Plaintiff suffered a concussion and brain injury; Plaintiff will incur medical expenses in the future; Plaintiff has suffered, does suffer, and will continue to suffer extreme pain and suffering, disability, and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, LEANN KENNEDY, prays for judgment in her favor and against Defendant, WATCO COMPANIES, LLC, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with her costs herein expended, and for such other and further relief as the Court deems just and proper in these circumstances.

## Count II - Federal Employers' Liability Act

COMES NOW Plaintiff, LEANN KENNEDY, by and through her undersigned counsel, and for Count II of this cause of action against Defendant, EASTERN IDAHO RAILROAD, LLC, a corporation, and in the alternative to Count I above, states as follows:

1. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

2. Plaintiff is a resident of Gratiot County, Michigan.

3. Defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as a common carrier by railroad in interstate commerce and does business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

4. On or about November 9, 2016, and at all times mentioned herein, Plaintiff was employed by Defendant in interstate commerce.

5. On or about November 9, 2016, Plaintiff was performing her duties in the course and scope of said employment near Rupert, Idaho when she injured her back, neck and head as a result of a rough coupling.

6. At the time of the occurrence, Defendant engaged in certain conduct and made certain choices, to-wit:

   (a) Defendant failed to train its employees in the proper methods to be used when shoving railcars;

   (b) Defendant failed to supervise its employees to make sure they were complying with any applicable rules and policies;

   (c) Defendant failed to implement rules and policies necessary to prevent rough couplings;

(d) Defendant by and through its employee failed to provide Plaintiff with an accurate car count during a shove maneuver;

(e) Defendant failed to provide functioning equipment to allow proper communication between engineers and employees on working on the ground;

(f) Defendant failed to establish that its employees were competent to perform shove maneuvers;

(g) Defendant failed to provide adequate lighting in its Rupert, Idaho yard;

(h) Any other acts of negligence identified in discovery.

7. Defendant's conduct as set forth above was negligent.

8. Because of Defendant's conduct as more fully set forth above, Plaintiff experienced a rough coupling that violently knocked her around inside the locomotive cab.

9. As a result of Defendant's conduct as set forth above, Defendant failed to provide Plaintiff with a reasonably safe place to work.

10. Wholly or partly as a result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff's back, neck, and head were injured; Plaintiff suffered a concussion and brain injury; Plaintiff will incur medical expenses in the future; Plaintiff has suffered, does suffer, and will continue to suffer extreme pain and suffering and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, LEANN KENNEDY, prays for judgment in her favor and against Defendant, EASTERN IDAHO RAILROAD, LLC in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with her costs herein expended, and for such other and further relief as the Court deems just and proper in these circumstances.

Respectfully submitted,


By: /s/James M. Bendell
James M. Bendell
Post Falls Law
806 E. Polston Ave., Ste. B
Post Falls, Idaho 83854
Ph: 208-262-3893
Fax: 208-262-3894
james@postfallslaw.com

Charles W. Armbruster, III (*pro hac vice application to be filed*)
Michael T. Blotevogel (*pro hac vice application to be filed*)
51 Executive Plaza Court
Maryville IL 62062
Phone: 800/917-1529
Fax: 800/927-1529
**charlesa@adwblaw.com**
**mikeb@adwblaw.com**
*ATTORNEYS FOR PLAINTIFF*